The "CRUDE CREW," et al., Plaintiffs,

v.

McGINNIS & ASSOCIATES, INC., et al., Defendants and Third-Party Plaintiffs,

v.

Robert H. BILLINGSLEY, et al., Third-Party Defendants.

No. 82–C–1399.

United States District Court, E.D. Wisconsin.

April 23, 1984.

William R. Soderstrom, Fox, Carpenter, O'Neill & Shannon, Milwaukee, Wis., for plaintiffs.

John C. Childs, Popham, Haik, Schnobrich, Kaufman & Doty, Minneapolis, Minn., for McGinnis.

Robert G. LeBell, Milwaukee, Wis., for Billingsley.

## DECISION AND ORDER

WARREN, District Judge.

### BACKGROUND

On January 6, 1984, third-party defendants Robert H. Billingsley and Telex Oil & Gas Company, Inc. ("Billingsley and Telex"), filed their notice of appeal of this Court's *Decision and Order*, 572 F.Supp. 103, of September 16, 1983, insofar as it granted the motion for summary judgment filed by defendants and third-party plaintiffs, McGinnis & Associates, Inc. and John F. McGinnis ("McGinnis"). Along with their notice of appeal, Billingsley and Telex filed the present motion "to stay the judg-

ment and orders of the court granting summary judgment dated September 16, 1983 and the judgment and orders of the court granting summary judgment as a final judgment dated December 8, 1983 and to prohibit execution upon the same." Third Party Defendants' Motion for Stay at 1–2 (January 6, 1984).[1]

In support of his clients' motion, counsel for Billingsley and Telex states in an appended affidavit that "valid grounds exist for relief from judgment and order which will be further delineated in the contents of ... [a motion pursuant to Rule 60 of the Federal Rules of Civil Procedure to be] filed within the next 30 days"; that "there are legitimate and viable defenses for the complaint as alleged herein as to third-party defendant BILLINGSLEY and TELEX OIL & GAS CO., INC."; that "the prejudice to the said third-party defendants outweighs any inconvenience to the defendants and third-party plaintiffs"; and that "assuming any money was owed from BILLINGSLEY AND TELEX OIL & GAS CO., INC. to defendants and third-party plaintiffs such amount has been satisfied in whole or in part and any enforcement of the judgment would be improper." Affidavit of Robert G. LeBell at 2 (January 6, 1984).

On April 6, 1984, shortly after learning for the first time that Billingsley and Telex had filed the present motion for a stay, McGinnis filed its memorandum in opposition or, in the alternative, for a bond pending appeal. Specifically, McGinnis argues that Billingsley and Telex have failed to demonstrate a likelihood that they will prevail on appeal or that they, Billingsley and Telex, will suffer any irreparable injury if the requested stay is not granted. In fact, McGinnis contends that "the prejudice which will be incurred as a result of a stay will be experienced by the defendant

---

1. By its *Order* of December 8, 1983, the Court, having found "no just reason for delay" pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, directed that final judgment be entered in favor of McGinnis in the amount of $130,000.00, and further ordered that Billingsley and Telex pay "all costs and charges incurred by [McGinnis] in these proceedings." As third-party defendants' motion indicates, the requested stay is directed at both this order and the Court's earlier decision issued on September 16, 1983.

McGinnis in that he will be delayed from executing and levying upon his judgment and such delay affords third-party defendant Billingsley and Telex an opportunity to conceal and dissipate assets." McGinnis' Memorandum at 3 (April 6, 1984).

This conclusion is supported, in part, by the appended affidavit of McGinnis' attorney, who states that his clients are now having this Court's judgment docketed in Minnesota as a condition precedent to their attempts to collect upon it and that McGinnis will be prejudiced if the present motion is granted, since a stay would afford Billingsley and Telex an opportunity to conceal and dissipate assets that would be subject to execution and levy pursuant to the judgment entered against them. Affidavit of John C. Childs at 2–3 (April 3, 1984). Based on the belief that the present appeal is motivated solely by an interest in delaying execution on the Court's judgment, McGinnis concludes that Billingsley and Telex are not entitled to the stay they seek.[2]

McGinnis' suspicions about the purpose of the appeal and the present motion are also embodied in a recent affidavit filed by defendant and third-party plaintiff himself, John F. McGinnis. Therein, Mr. McGinnis states that "upon information and belief, Third-Party Defendant Robert H. Billingsley's wife, Jeanne Billingsley, is presently disposing of all the assets of Third-Party Defendants"; that Mrs. Billingsley has recently sold a motor home belonging to third-party defendant Robert H. Billingsley; and that these transactions are "for the purpose of defrauding [McGinnis]" out of its $130,000 judgment since "Mrs. Billingsley's actions will cause there to be no assets out of which to satisfy the judgment [following appeal]." Affidavit of John F. McGinnis at 2 (April 9, 1984).

Because Billingsley and Telex have neither replied nor filed any opposing affidavits, the Court resolves the pending motion for a stay solely on the basis of the submissions described above.

*Rule 8(a) and Billingsley and Telex's Request For a Stay of Judgment*

Rule 8(a) of the Federal Rules of Appellate Procedure establishes the procedure and circumstances under which a party may move for a stay pending appeal. The rule provides, in part, as follows:

> Application for a stay of the judgment or order of a district court pending appeal, or for approval of a supersedeas bond, or for an order suspending, modifying, restoring or granting an injunction during the pendency of an appeal must ordinarily be made in the first instance in the district court.... The motion shall ... show the reasons for the relief requested and the facts relied upon, and if the facts are subject to dispute the motion shall be supported by affidavits or other sworn statements or copies thereof. With the motion shall be filed such parts of the record as are relevant. Reasonable notice of the motion shall be given to all parties....

*See also* Rule 62 of the Federal Rules of Civil Procedure (Stay of Proceedings to Enforce a Judgment).[3]

■ Although any request for a stay is addressed to the sound discretion of the Court, *Evans v. Buchanan*, 424 F.Supp. 875, 879 (D.Del.1976); *Coppedge v. Franklin County Board of Education*, 293 F.Supp. 356, 362 (E.D.N.C.1968), the Court is, as always, obliged to balance the equities presented by the particular facts of each case. *Resident Advisory Board v.*

---

**2.** As already noted, McGinnis has requested in the alternative that, if the Court stays its final judgment, Billingsley and Telex be ordered to give a supersedeas bond pursuant to Rule 62(d) of the Federal Rules of Civil Procedure, to "protect the interests of the appellee McGinnis and discourage an appeal if brought for the sole purpose to delay and frustrate collection upon the judgment." McGinnis' Memorandum at 4 (April 6, 1984). Because the Court today denies

third-party defendants' motion for a stay, it does not reach this request for a supersedeas bond.

**3.** The criteria to be examined by the Court in determining the propriety of a stay pending appeal, as outlined herein, are the same under both Fed.R.Civ.P. 62 and Fed.R.App.P. 8. *See Reserve Mining Company v. United States*, 498 F.2d 1073, 1076–1077 (8th Cir.1974).

*Rizzo,* 429 F.Supp. 222, 224 (E.D.Pa.1977); *Taylor v. Board of Education,* 195 F.Supp. 231, 238 (S.D.N.Y.), *aff'd,* 294 F.2d 36 (2d Cir.), *cert. denied,* 368 U.S. 940, 82 S.Ct. 382, 7 L.Ed.2d 339 (1961).

 In this context, a party seeking a stay under Rule 8 or Rule 62 must demonstrate that: (1) it likely will prevail on the merits of the appeal; (2) it will suffer irreparable injury if the stay is denied; (3) other parties will not be substantially harmed by the stay; and (4) no harm will be done to the public interest. *Battle v. Anderson,* 564 F.2d 388, 397 (10th Cir.1977); *Evans v. Buchanan,* 424 F.Supp. 875, 879 (D.Del. 1976).

Applying these criteria to the circumstances of the present case, it is clear that Billingsley and Telex are not entitled to the stay they seek. Notwithstanding defense counsel's belief that there are "legitimate and viable defenses for the complaint as alleged herein," Affidavit of Robert G. LeBell at 2 (January 6, 1984), Billingsley and Telex have wholly failed to demonstrate the likelihood of their success on appeal by articulating the manner in which this Court's decision of last September 16, 1983, is susceptible to attack. In the end, the Court must agree with McGinnis that the third-party defendants' chances of success on appeal are limited.

In addition, Billingsley and Telex have provided absolutely no basis upon which the Court might conclude that they will suffer irreparable harm if the stay is not granted. Rather, all indications are that it is McGinnis and not these third-party defendants that will be irreparably harmed if the present motion is granted. The recent affidavit of John F. McGinnis, suggesting that efforts have been undertaken to dissipate Robert H. Billingsley's assets as a means of defrauding McGinnis out of its judgment, is not only disturbing but also provides considerable support for the Court's decision to deny the request for a stay.

This unseemly behavior on the part of third-party defendants also convinces the Court that the harm to the public interest, normally difficult to assess in cases such as this, may prove significant here. Whatever the dimension of the public harm that might be suffered, however, the Court is confident that Billingsley and Telex have not sufficiently established an entitlement to a stay under the other three criteria.

Accordingly, the Court hereby DENIES the motion of third-party defendants Robert H. Billingsley and Telex Oil & Gas Company, Inc. for a stay of this Court's orders and judgment of September 16, 1983, and December 8, 1983.